WRIGHT

*v.*

VAUGHAN *et al.*

(*Supreme Court of Appeals of Virginia, July 11, 1899.*)

[33 S. E. Rep. 595.]

**Mechanics' Liens—Deeds of Trust—Priority—Case at Bar.**

A building contract provided that part of the price should be paid in cash when the roof was erected, part in cash when the building was finished, and the balance in notes secured by deed of trust on the premises. The owner had previously obtained a loan on deed of trust on the premises, and out of it the cash payments were made to the contractor, he having actual knowledge of the facts, as well as constructive notice, the deed being on file when the contract was made. On completion of the work, the contractor accepted the notes, but he never called for his deed of trust, which, however, was nevertheless executed, and held subject to his order: *held*, that a mechanic's lien afterwards filed by the contractor was subordinate to the lender's deed of trust.

Appeal from hustings court of city of Roanoke.

Bill by John H. Wright, assignee, against M. P. Vaughan and others, to enforce a mechanic's lien. From a decree for defendants, complainant appeals. Affirmed.

*John H. Wright,* in pro. per.

*Smith & King,* for appellees.

CARDWELL, J., delivered the opinion of the court.

This is an appeal from a decree of the hustings court of

Roanoke city, and the facts out of which the case arises are as
follows :

The Security Investment Company owned a certain vacant
lot on Commerce street in the city of Roanoke, and, with the
view of erecting buildings and improvements thereon, applied
to the Southern Building & Loan Association for a loan to be
secured by trust deed on this property, but was refused
because of a rule or by-law of the Southern B. & L. Association
prohibiting loans to a corporation, whereupon the Security In-
vestment Company conveyed the lot to M. P. Vaughan, and in
his name obtained from the Southern B. & L. Association a
loan of $2,000, and secured it by deed dated March 1, 1883,
executed by Vaughan and wife, upon the lot, to Roy B. Smith,
trustee, and this deed was duly recorded in the clerk's office
of the hustings court of Roanoke city, March 13, 1893.    On
the 25th day of March, 1893, the Security Investment Com-
pany, by W. S. Gooch, its general manager, entered into a
contract with D. B. Barbour, whereby Barbour agreed to build
a certain house upon the lot then standing in the name of M.
P. Vaughan for the sum of $2,100, of which $550 was to be
paid when the roof was put on the house, $550 when the house
was completed, and a negotiable note for $1,000, to be executed
by the Security Investment Company, indorsed to Barbour,
payable 90 days from its date, and secured by a trust deed on
the said house and lot.    At the time the loan of $2,000 was
obtained from the Southern B. & L. Association there was a
prior deed of trust on the lot, upon which there was due about
$800, and it was understood that this was to be paid off out of
the $2,000 loaned by the Southern B. & L. Association, and
the residue thereof applied by the Southern B. & L. Associa-
tion to the payment to Barbour of the amount due him for
building the house, to be paid to him as authorized by the Se-
curity Investment Company.    The prior deed of trust was paid
off by the Southern B. & L. Association, and upon orders drawn
by W. S. Gooch, general manager of the Security Investment

Company, the Southern B. & L. Association paid to Barbour the balance of the $2,000, with the exception of some small amounts recovered by Barbour's subcontractors, and certain dues, interest, or premiums to the Southern B. & L. Association, not paid by the Security Investment Company or Vaughan on the $2,000 loan ; the amount paid to Barbour being $960, leaving due him $1,000 on the contract price of the building. July 3, 1893, after the completion of the building, the Security Investment Company, by Gooch, its general manager, to accommodate Barbour, executed and delivered to him six notes made payable to the Rosa Mill Manufacturing Company 90 days from that date, one of the notes being for $500 and the others for $100 each, and at the same time a deed was prepared to be signed by Vaughan and wife conveying the house and lot in question to a trustee to secure their payment ; Barbour then being told that the trust deed would be ready for delivery to him as soon as the signature of Mrs. Vaughan could be obtained. Barbour accepted these notes, and endeavored to have them discounted, but, failing in this, and without calling for the deed of trust securing them, which had been duly executed, and held by Gooch, subject to his order, he filed in the clerk's office of the hustings court of the city of Roanoke a mechanic's lien upon the house and lot, claiming a balance due him of $1,140 for building the house. Barbour having assigned this mechanic's lien to John H. Wright, the latter instituted this suit to have it enforced.

The right of appellant to the benefit of this lien is contested by the Southern B. & L. Association and Roy B. Smith, its trustee, appellees, upon the grounds that, when Barbour entered into his contract with the Security Investment Company for the building of the house in question, not only was appellees' trust deed duly on record in the clerk's office of the hustings court of Roanoke, but he also had actual notice thereof, and knew that the money he was to get on his contract for building the house was to come out of the money secured by

this trust deed, after payment of the prior lien on the property ; and made his contract with full knowledge of these facts, and expressly agreed to accept, and did accept, notes for the amount of the balance due him by the Security Investment Company, secured by the trust deed on the house and lot, known and understood by him to be subordinate to the trust deed of appellees thereon ; and that the idea of filing a mechanic's lien was only an afterthought of Barbour's when he found that he could not sell or discount the notes.

The commissioner to whom the cause was referred, upon the depositions of the parties to these transactions and of other witnesses and the exhibits filed with the pleadings and depositions, made report to the court sustaining appellees' contention, and placing their deed of trust as a prior lien to the claim asserted by appellant on the property, and the lower court so decreed.

We are of opinion that the evidence fully sustains that decree, and it is affirmed.

BUCHANAN, J., absent.